IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

AMERICAN INDEPENDENCE MINES
AND MINERALS CO., an Idaho joint
venture composed of IVY MINERALS,
INC., an Idaho corporation, and WALKER
MINING COMPANY, an Idaho
corporation; and IVY MINERALS, INC.,
an Idaho corporation,

                    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, an agency of the United
States; TOM VILSACK, in his capacity as
Secretary of Agriculture of the United
States; UNITED STATES FOREST
SERVICE, an agency within the Unites
States Forest Department of Agriculture;
TOM TIDWELL, in his capacity as Chief
of the United States Forest Service;
HARVEY FORSGREN, in his capacity as
Regional Forester for the Intermountain
Region of the United States Forest Service;
BRENT L. LARSON, in his capacity as
Forest Supervisor of the Caribou-Targhee
National Forest; and SUZANNE C.
RAINVILLE, in her capacity as Forest
Supervisor for the Payette National Forest,

                    Defendants.

Case No.  CV-09-433-S-EJL

**AMENDED MEMORANDUM**

**DECISION AND ORDER**

 (Amended as to caption only)

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 18), or, in the alternative, Defendants' Motion to Dismiss for Failure to State a Claim (Docket No. 19).   Also before the Court is Valley County's Motion to Intervene (Docket No. 13).   The Court grants Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, denies as moot Defendants' Motion to Dismiss for Failure to State a Claim, and grants Valley County's Motion to Intervene.   Specifically, the Court finds that Plaintiffs' alleged injury is not within the zone of interests protected by the National Environmental Policy Act ("NEPA") nor the National Forest Management Act ("NFMA").   The Court finds that Valley County has asserted an injury in fact and that Valley County's alleged injury falls within the zone of interests protected by NEPA and the NMFA.   The Court also finds that Valley County's proposed claims are not moot or unripe, and that Valley County has exhausted its proposed claims. The Court will therefore allow Valley County to intervene and its action to proceed separately.

## BACKGROUND

Plaintiffs American Independence Mines and Minerals Co., Ivy Minerals, Inc., and Walker Mining Co., filed a complaint in this court in

September 2009.   Plaintiff American Independence is an Idaho joint venture.   Plaintiffs Ivy Minerals and Walker Mining are two Idaho corporations; they are the companies that make up the American Independence joint venture.   Defendants are the United States Department of Agriculture; Tom Vilsack, in his official capacity as the Secretary of the Department of Agriculture; the United States Forest Service ("USFS"); and Tom Tidwell, Harvey Forsgren, Brent L. Larson, and Suzanne Rainville in their various official capacities with the USFS.

Plaintiffs challenge the environmental impact statement and record of decision underlying an agency rule, created on November 9, 2005, called the Travel Management Rule.   The Travel Management Rule requires each national forest system to designate "those roads, trails, and areas that are open to motor vehicle use" and "prohibit[s] the use of motor vehicles off the designated system, as well as use of motor vehicle on routes and in areas that is not consistent with the designations."   *See* 70 Fed. Reg. 68,264; *see also* 70 Fed. Reg. 68,624 – 68,291 (Nov. 9. 2005).   Plaintiffs also challenge the record of decision from October 3, 2008 that is associated with the Travel Management Rule as applied to the McCall and Krassel Ranger Districts in the Payette National Forest.

Lastly, Plaintiffs challenge Brent Larson's January 8, 2009 decision denying Plaintiffs' appeal of the record of the decision.

Plaintiffs assert that they are "actively engaged in mining, exploration and environmental assessment" in the Big Creek area of the Krassel Ranger District.  *Compl.* ¶ 24 (Docket No. 1).  This area is referred to as "MA-13" in the Record of Decision.  Plaintiffs brought eight causes of action against Defendants but withdrew without prejudice claims five, seven, and eight pursuant to the parties' stipulation.  *See Stipulation* (Docket No. 25); *Order* (Docket No. 29).

Plaintiffs' five remaining claims are as follows.  Plaintiffs claim that Defendants failed to follow the procedural requirements of NEPA (1) by failing to adequately describe the "no action" alternative during the rulemaking process, by which Plaintiffs mean that Defendants failed to describe ownership of existing roads in the affected area (Claim 1); (2) by failing to adequately consider the mining and associated economic impacts of the proposed rule (Claims 2 and 3); (3) by failing to notify Plaintiffs of the proposed action (Claim 4); and (4) by failing to ascertain and describe roads protected as rights of way under Revised Statute

§ 2477, codified at 43 U.S.C. § 932 (Claim 6).  Plaintiffs also allege in claims two and four that Defendants violated the NFMA.

Plaintiffs assert federal subject matter jurisdiction, arising under NEPA, 42 U.S.C. §§ 4321 – 4370h, and the NFMA, 16 U.S.C. §§ 1600 – 1614.  *Compl.* ¶ 14.  Plaintiffs allege that Defendants violated various NEPA and NFMA provisions and implementing regulations.  *See id.* ¶¶ 78 – 81, 108 – 10, 119, 121, 130, 144, and 146.  For claims one through four and six, Plaintiffs also allege that Defendants violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A) and (2)(D).  *Id.* ¶¶ 104 – 05, 126 – 27, 140 – 41, 158 – 59.

Defendants move to dismiss for lack of subject matter jurisdiction and argue that Plaintiffs lack standing to file a NEPA action because Plaintiffs' alleged harm is purely economic and therefore not within the environmental zone of interests protected by NEPA.[1]  *See* Docket No. 18. In the alternative, Defendants move to dismiss for failure to state a claim. *See* Docket No. 19.

---

[1] The Court will not consider Defendants organizational standing arguments because Plaintiffs do not attempt to assert organizational standing.  *See Plaintiffs' Combined Response*, at 18 – 19 (Docket No. 26).

In addition to Defendants' motions, the Court will also consider Valley County's motion to intervene in Plaintiffs' case.  *See Motion to Intervene* (Docket No. 13).  Like Plaintiffs, Valley County asserts federal subject matter jurisdiction based on NEPA and the NFMA and alleges a procedural injury related to recreational, aesthetic, and other interests on behalf of its citizens.  Valley County also claims an ownership interest in some of the roads affected by the Travel Management Rule and argues that this ownership interest confers standing.

Valley County initially proposed to bring seven claims against Defendants but will voluntarily withdraw claims four, six, and seven if this Court allows Valley County to intervene.  *See Valley County's Reply*, at 6 (Docket No. 27).  Although the stipulation between Plaintiffs and Defendants did not affect Valley County's proposed intervention, Valley County's withdrawn claims parallel those withdrawn by the parties' stipulation.  Of Valley County's remaining causes of action, claims one through three are the same claims that Plaintiffs asserted as claims one through three.  *See Complaint in Intervention*, ¶¶ 17 – 19 (Docket No. 13-1).  Claims one through three allege that Defendants failed to adequately describe the no action alternative and failed to consider mining and economic impacts associated with the Travel Management

Rule. *See id.* Claim five in Valley County's proposed Complaint, which is identical to Plaintiffs' original claim six, alleges that the Record of Decision underlying the Travel Management Rule failed to adequately describe possible R.S. 2477 roads and the costs and benefits to quieting title to R.S. 2477 roads. *Id.* ¶ 21.[1]

## DISCUSSION

I.   <u>Standard for a Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may ask the court to dismiss for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Moreover, subject matter jurisdiction is a "threshold matter," which a court must determine before proceeding to the merits of the case.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  A court may determine subject matter jurisdiction from the facts alleged in the complaint or, if necessary, from the actual facts in the case.

---

[1] The Court recognizes that claims one and five are similar because both allege that Defendants failed to adequately describe the current system of roads impacted by the Travel Management Rule.  Claim one is, however, about the description of the "no action" alternative, while claim five is about Defendants' description in the record of decision generally.

*Thornhill Pub. Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted).

II.   <u>Standing Requirements</u>

NEPA does not provide for private rights of action, but a plaintiff may challenge an agency action under the Administrative Procedure Act ("APA").  The APA  provides statutory standing to a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute."  5 U.S.C. § 702.  To bring an action under the APA, a plaintiff must demonstrate both constitutional and prudential standing.  *Nat'l Credit Union Admin v. First Nat'l Bank & Trust Co.*, 522 U.S. 479, 488 (1998) (citation omitted).

In order to have prudential standing under the APA, "'the interest sought to be protected by the complainant [must be] arguably within the zone of interests to be protected or regulated by the statute . . . in question.'"  *Id.* (quoting *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 152 (1970)).  The purpose of the zone of interests test is "to exclude those plaintiffs whose suits are more likely to frustrate than to further statutory objectives."  *Clarke v. Secs. Indus. Ass'n*, 479

U.S. 388, 397 n.12 (1987).  A plaintiff's asserted interest does not meet the zone of interests test "'if the plaintiff's interests are . . . marginally related to or inconsistent with the purposes implicit in the statute.'"  *Id.* at 399.  However, "'no indication of congressional purpose to benefit the would-be plaintiff'" need exist.  *Id.* at 399 – 400.

The party asserting "federal jurisdiction bears the burden of establishing [the standing] elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Moreover, the plaintiff must support each element of standing "with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

III.   Plaintiffs' Claims Do Not Fall Within NEPA's Zone of Interests

Defendants argue that Plaintiffs' asserted claims do not fall with NEPA or the NFMA's zone of interests because Plaintiffs assert purely economic interests.  The Court agrees.

NEPA does not impose substantive requirements but instead mandates a process that the agency must follow.  NEPA was enacted in order "to promote efforts which will prevent or eliminate damage to the environment and biosphere and stimulate the health and welfare of man." 42 U.S.C. § 4321, NEPA § 101.  NEPA requires a federal agency to

prepare a "detailed statement" on the environmental impact of a proposed rule if that rule is a "major Federal action[] significantly affecting the quality of the human environment."  42 U.S.C. § 4332(c), NEPA § 102.

In a NEPA action, the zone of interests protected is environmental. *Nuclear Info. & Res. Serv. v. Nuclear Regulatory Comm'n*, 457 F.3d 941, 950 (9th Cir. 2006).  A plaintiff asserting "purely economic injuries does not have standing to challenge an agency action under NEPA."  *Nev. Land Action Ass'n v. United States Forest Serv.*, 8 F.3d 713, 716 (9th Cir. 1993) (citations omitted); *id.* ("The purpose of NEPA is to protect the environment, not the economic interests of those adversely affected by agency decisions.") (citation omitted).  A plaintiff may, however, "have standing to sue under NEPA even if his or her interest is primarily economic, as long as he or she also alleges an environmental interest or economic injuries that are causally related to an act within NEPA's embrace."  *Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. United States Dep't Agric.*, 415 F.3d 1078, 1103 (9th Cir. 2005) (citation and internal quotation marks omitted).  A plaintiff's interest in "recreational use and aesthetic enjoyment" are also among the interests NEPA was designed to protect.  *Lujan*, 497 U.S. at 886.

In the context of an Endangered Species Act case, the Supreme Court held that the zone of interests test is "determined not by reference to the overall purpose of the Act in question . . . but by reference to the particular provision of law upon which the plaintiff relies." *Bennet v. Spear*, 520 U.S. 154, 175 – 76 (1997). Plaintiffs correctly point out that post-*Bennet*, a court is required to interpret NEPA's zone of interests by reference to particular provisions in the statute. Plaintiffs appear to argue that interpreting specific NEPA provisions, rather than NEPA as a whole, may expand or change the zone of interests protected by NEPA to include solely economic injuries caused by an environmental regulation. The Ninth Circuit, however, rejected this argument in *Ashley Creek Phosphate Co. v. Norton*, 420 F.3d 934 (9th Cir. 2005). In *Ashley Creek*, the Ninth Circuit explicitly held that § 102, which requires the preparation of environmental impact statements, did not protect "purely economic interests" and that § 102 could not be "severed from NEPA's overarching purpose" of protecting the environment. 420 F.3d at 942.[1]

---

[1] Plaintiffs argue that the federal regulations implemented pursuant to NEPA and the NFMA are helpful in understanding the zone of interests protected by the authorizing statute. *See Plaintiffs' Combined Response*, at 13 n.12 (Docket No. 26). The Court assumes that Plaintiffs are not arguing that the implementing regulations protect a broader zone of interests than the statute which authorized those regulations. To be clear, however, the Court will only examine whether Plaintiffs' claims fall with the zone of interests protected by NEPA and the NFMA

Here, Plaintiffs assert federal subject matter jurisdiction arising from NEPA, specifically 42 U.S.C. § 4332, NEPA § 102, which requires each federal agency to prepare an environmental impact statement. In order to meet the zone of interests requirement, Plaintiffs must show that their interest is environmental or that they have suffered an economic injury that is related to an environmental injury. *See Ranchers Cattlemen*, 415 F.3d at 1103.

Plaintiffs have not linked their pecuniary interest in mineral resource development to the physical environment or to an environmental interest contemplated by NEPA. *See id.* Rather, Plaintiffs' injury is the inability to freely travel a road or roads that Plaintiffs wish to travel to access mineral resource development sites. *See Plaintiffs' Combined Response*, at 10 (Docket No. 26). Contrary to NEPA's environmental purpose, Plaintiffs' access on these roads would degrade the environment, not protect the environment.

Plaintiffs assert that their mining and resource development interests are completed "in a fashion that minimizes and/or mitigates and

---

and not whether separate regulations provide Plaintiffs with a different or broader interest sufficient to confer standing.

remediates environmental impact and stimulates human welfare through economic development." *Compl.* ¶ 22.  This only demonstrates the manner in which Plaintiffs operate their business and not whether Plaintiffs' interests also align with the environmental interests protected by NEPA.  Plaintiffs state that they are engaged in "environmental and geophysical studies" and "environmental assessment activities." *Id.* ¶¶ 23 – 24.  Plaintiffs also admit, however, that the studies are completed in pursuit of mineral resource development activities.  That is, Plaintiffs would never have engaged in environmental assessment unless it also furthered their economic interest.  Plaintiffs' current inability to complete environmental assessments only impedes Plaintiffs' mineral resource development and therefore does not fall within the environmental zone of interests protected by NEPA.

Plaintiffs also assert that the owners of the joint venture "appreciate the environmental, historical and cultural values of lands and historic sites" affected by the decision and "derive intrinsic enjoyment from their use of the roads." *Id.* ¶¶ 26 – 27.  The Court agrees that the owners might have these interests.  The owners, however, are not suing in their individual capacities nor are Plaintiffs asserting organizational standing on behalf of these interests.  It is hard to see how mining and

resource development corporations can "appreciate environmental values" or "derive intrinsic enjoyment from their use of the roads." More importantly, the promotion of either of these asserted interests is not part of the Plaintiffs' admitted interest in mineral resource development.

The Court therefore finds that the injury asserted as the basis of claims one through four and claim six does not fall within the environmental zone of interests protected by NEPA.

IV.    Plaintiffs' Claims Do Not Fall Within NFMA's  Zone of Interests

The NFMA provides for the management of national forests and requires the USFS to balance the demands on national forests by creating forest management plans.  16 U.S.C. § 1604(a).  Although case law on the NFMA is sparse, the zone of interests protected by the NFMA is identifiable from the statute, which lays out "the goals" of creating a forest management plan.  *Id.* § 1604(g)(3).  The statute specifies the consideration and protection of the following interests: recreational use, environmental preservation, and ensuring the continued diversity of plant and animal communities.  *Id.* § 1604(g)(3)(A) – (B).  The other interests specified in the statute are unimportant here.

In this case, the only relevant interest Plaintiffs could assert is environmental preservation.  For the reasons discussed above, Plaintiffs' asserted injury is not related to environmental preservation.  *See id.*  The Court therefore finds that claims two and four fall outside the zone of interests protected by the NFMA.

V.     Valley County's Motion to Intervene

       A.     Intervention as of Right

Federal Rule of Civil Procedure 24 allows an applicant to intervene either as of right or permissively.  Fed. R. Civ. P. 24.  An applicant may intervene as of right if the applicant meets four requirements: (1) "the applicant must timely move to intervene"; (2) "the applicant must have a significantly protectable interest related to the property . . . that is the subject of the action"; (3) the applicant must prove that "the disposition of the action may impair or impede" the applicant's ability to protect that interest; and (4) "the applicant's interest must not be adequately represented by existing parties."  *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted); *see* Fed. R. Civ. P. 24(a)(2).

Here, Valley County's motion to intervene was filed prior to the motions to dismiss, the first dispositive motions in the case, and was therefore timely.  However, as discussed above, the Court has dismissed the originally filed complaint for lack of standing.  As a result, whatever interests Valley County has cannot be impaired or impeded by Plaintiffs' action because the Court will not decide the merits of Plaintiffs' case. *See* Fed. R. Civ. P. 24(a)(2).  Valley County does not, therefore, meet the third requirement for intervention as of right.  *See Arakaki*, 324 F.3d at 1083.  Accordingly, the Court denies Valley County's request to intervene as of right.

B.     Permissive Intervention

A court may also permit a party to intervene if an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A) – (B).  An applicant must meet three requirements:

(1) jurisdiction independent of the original parties; (2) a timely filed motion; and (3) a claim or defense that shares a common question of law or fact with the main action.  *See Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) (citation omitted).  Valley

County meets requirements two and three for permissive intervention because Valley County filed a timely motion to intervene and asserts claims similar to those Plaintiffs asserted.  *See id.* (citation omitted).

Defendants argue that the Court lacks jurisdiction over Valley County's claims.  Specifically, they contend that Valley County lacks standing to proceed with this case because it has not suffered an injury in fact and that its injury does not fall within the zone of interests protected by NEPA and the NFMA.[1]  Like Plaintiffs, Valley County asserts federal subject matter jurisdiction based on NEPA and the NFMA.[2]

### 1.    Valley County Has Alleged an Injury in Fact

Pursuant to Article III's case and controversy limitation of federal court jurisdiction, a plaintiff must demonstrate constitutional standing to bring a claim in federal court.  U.S. Const., art. III, § 1; *see Allen v. Wright*, 468 U.S. 737, 750 – 51 (1984) (citations omitted).  A plaintiff

---

[1] Defendants do not challenge Valley County's right to sue on behalf of its citizens.

[2] Alternatively, Defendants argue that Valley County's assertion of ownership of some of the affected roads cannot be determined by this court in a NEPA or NFMA action and is more properly decided pursuant to the Quiet Title Act ("QTA").  As discussed below, because Valley County has standing based on its citizens' recreational and aesthetic interests, the Court need not decide whether Valley County's alleged ownership of roads affected by the Travel Management Rule would separately create standing.

meets constitutional standing requirements if the Plaintiff shows an injury in fact, causation, and redressability. *Lujan*, 504 U.S. at 560. To assert a procedural injury in fact, a plaintiff must allege that "(1) the [agency] violated certain procedural rules; (2) these rules protect [the plaintiff's] concrete interests; and (3) it is reasonably probable that the challenged action will threaten their concrete interests." *Citizens for Better Forestry v. United States Dep't of Agric.*, 341 F.3d 961, 969 – 70 (9th Cir. 2003). A plaintiff meets the concrete interest requirement if "a 'geographic nexus' [exists] between the individual asserting the claim and the location suffering an environmental impact." *Cantrell v. City of Long Beach*, 241 F.3d 674, 679 (9th Cir. 2001) (citation omitted).

Valley County has demonstrated a geographic nexus because the affected roads are within Valley County. *See id.* The Court therefore finds that Valley County has alleged a procedural injury in fact.

2.     Valley County's Injury Is Within NEPA's Zone of Interests

A plaintiff must also meet the requirements for prudential standing, namely, that the plaintiff's interests fall within the governing statute's zone of interests. *Nat'l Credit Union Admin*, 522 U.S. at 488.

In order to meet the zone of interests requirement with regard to NEPA, Valley County must show that its interest is environmental or that their economic injury is related to a NEPA-protected injury. *See Ranchers Cattlemen*, 415 F.3d at 1103. Additionally, Valley County's NEPA action may proceed if Valley County asserts an interest in "recreational use and aesthetic enjoyment" in the affected area. *See Lujan*, 497 U.S. at 886.

Valley County alleges various interests on behalf of its citizens, one of which is to protect the rights of those citizens who "derive intrinsic enjoyment from their use of these roads." *Compl. in Intervention*, ¶ 8 (Docket No. 13-1). This asserted interest falls within the "aesthetic enjoyment" zone of interest protected by NEPA and is therefore sufficient to confer standing upon Valley County to proceed in this action. *See Lujan*, 497 U.S. at 886. Valley County's citizens may also "derive intrinsic enjoyment from the use of these roads" in pursuit of recreational uses, which also falls within the zone of interests protected by NEPA. *See id.*

Defendants argue that *Lujan v. Defenders of Wildlife* ("*Defenders*"), 504 U.S. 555, 565 – 66 (1992), requires Valley County to identify specific roads affected by the Travel Management Rule that fall

within the zone of interests.  It is true that *Defenders* rejected various standing arguments premised on hypothetical future injuries or on environmental injuries loosely related to the regulated area.  *See Defenders*, 504 U.S. at 565 – 66 ("[A] plaintiff claiming injury from environmental damage must use the area affected by the challenged activity and not an area roughly 'in the vicinity of it.'" (citing *Lujan*, 497 U.S. at 887 – 89)).  The Court is not persuaded by Defendants' argument.  Valley County may not have identified affected roads by name, but Valley County clearly limits its claims to those roads affected by the Travel Management Rule.  In contrast to the Plaintiffs in *Defenders*, Valley County does not seek to redress an injury that falls somewhere outside the regulated area. *See Defenders*, 504 U.S. at 565 – 66.

The Court therefore finds that Valley County's alleged injury falls within the zone of interests protected by NEPA.

3.   Valley County's Injury Is Within the NFMA's Zone of Interests

To meet the zone of interests requirement with respect to the NFMA, Valley County must show that its interest is in protecting recreational use, environmental preservation, or ensuring the continued

diversity of plant and animal communities.   16 U.S.C. § 1604(g)(3)(B).
For the reasons discussed above, the Court finds that Valley County's
asserted interest is related to recreational use and therefore falls within
the zone of interests protected by the NFMA.

### 4.    Conclusion

For the reasons discussed above, the Court finds that Valley
County has standing to proceed with this action.

## VI.    Other Jurisdictional Issues Regarding Intervenor Valley County

If an intervenor cannot demonstrate that this Court has jurisdiction,
the Court may deny intervention.  *See EEOC v. Nevada Resort Ass'n*,
792 F.2d 882, 886 (9th Cir. 1986).   Defendants challenge Valley
County's intervention on other non-standing jurisdictional grounds.  The
Court will consider Defendants' other jurisdictional arguments as
separate bars to intervention.

### A.    Mootness (Claim 1)

Defendants argue that claim one is moot.  Valley County alleges a
procedural violation of NEPA and argues that the agency's Record of
Decision underlying the Travel Management Rule is invalid because it

fails to adequately describe the no action alternative.  Specifically, Valley County argues that the agency did not describe ownership of existing roads and therefore did not fully understand the implications of changing access to the roads affected by the Travel Management Rule.

A court lacks jurisdiction to hear moot claims.  *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (citation omitted).  "The burden of demonstrating mootness is a heavy one."  *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."  *Id.*  "As long as effective relief may still be available to counteract the effects of the violation, the controversy remains live and present."  *Id.* at 1245.

In this case, if Valley County prevails on claim one, the Court could offer effective relief by ordering the agency to restart the rulemaking process and adequately describe the no action alternative. *See Gordon*, 849 F.2d at 1244 – 45.  The Court therefore finds that claim one is not moot and may proceed.  *See id.*

B.    Ripeness (Claims 2 and 3)

In claims two and three, Plaintiffs allege that Defendants did not adequately consider mining and the economic impact of the proposed rule.  Defendants argue that these claims are not ripe.

A plaintiff, or, in this case, the intervenor, bears the burden of establishing that an issue is ripe for judicial review.   A ripeness inquiry requires this Court "to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  *Abbot Laboratories v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 104 – 05 (1977).  Ordinarily, a challenge to an agency regulation is not ripe until "some concrete action applying the regulation to the claimant's situation . . . harms or threatens to harm him."  *Lujan*, 497 U.S. at 891.

In many cases, ripeness "coincides squarely with standing's injury in fact prong" and "can be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000).  To meet the injury in fact requirement, a plaintiff asserting a purely procedural interest must demonstrate "a 'geographic nexus'

between the individual asserting the claim and the location suffering an environmental impact." *Cantrell*, 241 F.3d at 679.

To the extent that Valley County alleges a purely procedural interest with respect to claims two and three, Valley County meets the geographic nexus test because the roads affected by the Travel Management Rule are at least partially within Valley County. *See id.* To the extent that Valley County alleges other non-procedural harms in claims two and three, Valley County has not demonstrated ripeness.[1] The Court finds that claims two and three are ripe and that the Court therefore has jurisdiction to hear these claims.

C.     <u>Outside Scope of Sovereign Immunity Waiver</u> (Claim 5)

In claim five, Plaintiffs allege that the Record of Decision supporting the Travel Management Rule failed to adequately describe possible R.S. 2477 roads and the costs and benefits to determining the existence and ownership of R.S. 2477 roads. *Complaint in Intervention*, ¶ 21 (Docket No. 13-1). Defendants argue that this Court must determine

---

[1] Defendants' reliance on *Park Lake Resources, LLC v. U.S. Department of Agriculture*, 197 F.3d 448 (10th Cir. 1999), is misplaced because the plaintiff in that case brought a substantive challenge to the regulation. *See Park Lake*, 197 F.3d at 449 (challenging a U.S. Forest Service designation as arbitrary, capricious, and contrary to the plan language of the APA).

ownership of the affected roads to decide claim five, and that this Court must do so pursuant to the Quiet Title Act ("QTA").[1]

Revised Statue § 2477 ("R.S. 2477") once provided that "the right of way for construction of highways over public lands, not reserved for public uses, is hereby granted." 43 U.S.C. § 932 (1970), *repealed by* Federal Land Policy Management Act of 1976, Pub. L. No. 94-579, § 706(a), 90 Stat. 2743 (1976). Congress repealed the act in 1976 but preserved any rights of way that existed prior to the date of repeal. *See* 43 U.S.C. § 1769(a). Roads protected as rights of way pursuant to R.S. 2477 are commonly called R.S. 2477 roads.

The Court is not persuaded that determining ownership of the affected roads is necessary to adjudicating Valley County's claims. Valley County disclaims any intention of having this Court conclusively adjudicate ownership of these roads. The Court has no reason to doubt this assertion. Further, as discussed above, to the extent that Valley

---

[1] The QTA provides: "The United States may be named as a party defendant in a civil action . . . to adjudicate a disputed title to property in which the United States claims an interest." 28 U.S.C. § 2409a(a). Valley County, however, seeks to intervene pursuant to the APA. The APA expressly waives sovereign immunity in suits against federal officers if the plaintiff seeks only nonmonetary relief. *See* 5 U.S.C. § 702. Section 702's waiver is inapplicable, however, if "any other statute . . . grants consent to suit." *Id.* The QTA is such a statute.

County is alleging procedural violations of NEPA on behalf of its citizens, this Court has jurisdiction to hear those claims. The Court therefore finds that it has jurisdiction to hear claim five.

D.     Failure to Exhaust Administrative Remedies (Claims 1 – 3, Claim 5)

Defendants argue that Valley County has not exhausted claims one through three and claim five. Pursuant to the APA, a court may review agency action that is "final." 5 U.S.C. § 704. In addition, a party seeking review of a final agency action must also exhaust administrative remedies if expressly required by the statute or an agency rule. *See Clouser v. Espy*, 42 F.3d 1522, 1532 (9th Cir. 1994) (citation omitted). A party meets the exhaustion requirement if the "'claims raised at the administrative appeal and in the federal complaint [are] so similar that the district court can ascertain that the agency was on notice of, and had an opportunity to consider and decide, the same claims now raised in federal court.'" *Native Ecosys. Council v. Dombeck*, 304 F.3d 886, 899 (9th Cir. 2002) (quoting *Kleissler v. United States Forest Serv.*, 183 F.3d 196, 202 (3d Cir. 1999)). A party does not need to use "precise legal formulations" in the administrative process; the claims a party raises to the agency need only alert "the decision maker to the problem in general

terms." *See Idaho Sporting Cong., Inc. v. Rittenhouse*, 305 F.3d 957, 965 (9th Cir. 2002) (citation omitted).

Valley County submitted two documents during rulemaking: a comment letter on July 26, 2004 and an appeal of the Travel Management Rule on November 22, 2008. *See Opposition to Motion to Intervene*, Exhs. F – G (Docket Nos. 20-1 – 20-2). The Court will only consider whether the *appeal* letter sufficiently raises the claims Valley County would like to assert here. Although the Ninth Circuit has not explicitly decided whether a party's comment letter is part of an administrative appeal, Ninth Circuit cases assume that exhaustion requirements begin with a party's administrative appeal. *See, e.g.*, *Native Ecosys.*, 304 F.3d at 898 – 900 (describing exhaustion during the administrative appeals process and addressing only the party's administrative appeal); *Idaho Sporting Cong.*, 305 F.3d at 965 – 66 (same).

Defendants argue that Valley County did not mention NEPA, the EIS, or R.S. 2477 rights of way and that Valley County's claims are therefore not exhausted.[1] *See Opposition to Motion to Intervene*, at 7 – 8

---

[1] The Court recognizes that Defendants made this argument with respect to Valley County's comment letter. Given that this Court will not review Valley

(Docket No. 20).   Valley County's appeal included the following: (1) "The primary focus of this appeal is the closing of roads that are used by landowners, recreationist[s], hunters, anglers, hikers, bikers, ATV enthusiasts, sightseers, firewood gathering, mining, and firefighters," *see id.*, Exh. F, at 2 (Docket No. 20-1); (2) Valley County provided historic and R.S. 2477 road information, which the travel plan ignored, *id.*; (3) the Travel Management Rule risks closing various roads without determining which are R.S. 2477 roads, *id.* at 4; (4) the Travel Management Rule "needs more work" because the rule affects roads that Defendants may or may not have the right to impact, *id.* at 5; (5) lost opportunities impact the local economy, which the travel management rule "must take into consideration," *id.*, and (6) "much more information is needed before this decision is final," *id.*

In its appeal letter, Valley County clearly identified the issue of the possible adverse impact that the Travel Management Rule could have on mining and the local economy, thereby putting the agency on notice of claims two and three in Valley County's proposed complaint.   *See Native Ecosys.*, 304 F.3d at 899.   Vallley County also sufficiently

_____

County's comment letter, the Court will nevertheless review Valley County's *appeal* letter for the same exhaustion issues.

challenged Defendants' alleged failure to describe the existing status of possible R.S. 2477 roads and therefore put the agency on notice of claims one and five in Valley County's proposed complaint.  *See id.*  The Court therefore finds that Valley County sufficiently raised claims one through three in its administrative appeal and has exhausted these claims.  *See id.*

VII.   The Court Will Allow Valley County to Intervene

Lastly, even if an applicant has proven independent jurisdiction and therefore meets the requirements for permissive intervention, a court has discretion to deny permissive intervention.  *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citations omitted).   A court must consider whether "intervention will unduly delay the main action or will unfairly prejudice the existing parties."   *Id.* (citations omitted).   As Valley County's motion to intervene was timely filed and, as a result of this Court's dismissal of Plaintiffs' complaint, will not unfairly prejudice any party, the Court will exercise its discretion and allow Valley County to intervene in this case.  *See id.*  Lastly, the Court finds that Valley County's action should proceed as a separate action because this Court has already dismissed the original Plaintiffs' Complaint and because Valley County has proven independent jurisdiction.  *See* Wright, Miller, & Kane, *Federal Practice and Procedure* § 1917 (3d ed. 1998)

(approvingly cited by the Ninth Circuit in *Blake v. Pallan*, 554 F.2d 947, 956 (9th Cir. 1977) without explicitly deciding the issue).

## ORDER

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 18) is GRANTED;

Defendants' Motion to Dismiss for Failure to State a Claim (Docket No. 19) is DENIED as moot; and

Valley County's Motion to Intervene (Docket No. 13) is GRANTED.

DATED: **June 10, 2010**

Honorable Edward J. Lodge
U. S. District Judge